UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CLINCHFIELD COAL COMPANY,
                    *Petitioner,*

            v.

TEDDY R. SMITH; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
                    *Respondents.*

No. 00-2478

On Petition for Review of an Order of the
Benefits Review Board.
(99-0440-BLA)

Argued: June 7, 2001

Decided: July 27, 2001

Before WILKINS and WILLIAMS, Circuit Judges, and
Andre M. DAVIS, United States District Judge for the
District of Maryland, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Timothy Ward Gresham, PENN, STUART &
ESKRIDGE, Abingdon, Virginia, for Petitioner. Lawrence Lee
Moise, III, Abingdon, Virginia, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Clinchfield Coal Company appeals the decision of the Benefits Review Board (BRB) affirming an award of Black Lung benefits to Clinchfield's former employee, Teddy Smith. Because we agree with Clinchfield that the ALJ failed to provide valid reasons for rejecting the contrary medical opinions of a physician on the issues of disability causation and the existence of pneumoconiosis, we reverse and remand for further proceedings consistent with this opinion.

### I.

Smith, who is sixty-seven years old, last worked in the coal industry in April 1994. He worked at Clinchfield for approximately twenty-three years, between 1968 and April 1994. Prior to working for Clinchfield, Smith had worked for several other coal companies from 1955 to 1968. Smith's last job in the mining industry, as utility man on a long wall section, required significant physical exertion.

On May 21, 1995, after Smith filed a claim for benefits, Dr. S. K. Paranthaman examined him for the Department of Labor. Dr. Paranthaman found Smith's chest x-ray negative for coal worker's pneumoconiosis (CWP) and diagnosed chronic bronchitis and reversible airway obstruction. He attributed the chronic bronchitis to Smith's twenty years of cigarette smoking and stated that "[i]f 38 years of coal mine employment as documented,[1] it could have aggravated the condition substantially. Reversible airway obstruction is unrelated to coal dust exposure." (J.A. at 9.) Dr. Paranthaman noted that Smith had smoked a half pack of cigarettes per day for twenty years until 1992.

---

[1]The ALJ found thirty-six years of coal mine employment. The parties agree that the two year disparity is immaterial.

In August 1996, Dr. J. Dale Sargent examined Smith on behalf of Clinchfield and found no CWP on Smith's chest x-ray. Dr. Sargent diagnosed mild obstructive lung disease but concluded, based upon its reversibility and the lack of any accompanying restriction, that Smith's long history of smoking rather than coal dust exposure was the cause of his respiratory impairment.

In March 1997, Dr. Emory Robinette examined Smith and diagnosed

1.  Coal workers' pneumoconiosis with a profusion abnormality of 1/0, predominant Q/T opacities with evidence of discoid atelectasis.

2.  Moderate obstructive lung disease without response to bronchodilator therapy.

3.  Probable chronic bronchitis.

(J.A. at 110.) Dr. Robinette also opined that Smith was disabled by his respiratory impairment and that "his prior coal mining employment at least partially contributed to his pulmonary disability." (J.A. at 111.)

Dr. Gregory J. Fino reviewed all of the medical evidence that was submitted in the case but did not examine Smith. Dr. Fino found the evidence insufficient to prove CWP or any other pulmonary condition related to his occupation. Dr. Fino opined that Smith had a pulmonary impairment that was related to cigarette smoking rather than exposure to coal dust, that Smith was not disabled to the extent that his job required heavy labor less than fifty percent of the time, and that even if Smith had simple CWP, his pulmonary impairment was inconsistent with a coal mine dust-related pulmonary condition. Both Dr. Fino and Dr. Sargent also reviewed Dr. Robinette's earlier medical report, and each stated their disagreement with his conclusions.

After a hearing, the ALJ found that the x-ray evidence did not prove CWP. The ALJ also found, however, that the reports of Drs. Paranthaman and Robinette proved legal pneumoconiosis,[2] and he

---

[2]Legal pneumoconiosis is broader than CWP. *See Hobbs v. Clinchfield Coal Co.*, 45 F.3d 819, 821 (4th Cir. 1995). Section 718.201 of Title 20

rejected Dr. Sargent's and Dr. Fino's contrary opinions. The ALJ also found that Smith had proved a disabling respiratory impairment pursuant to 20 C.F.R. §§ 718.204(c)(1) and (c)(4) and, relying solely on the opinions of Drs. Robinette and Paranthaman, he found that Smith's legal pneumoconiosis contributed to his disabling respiratory impairment.

Clinchfield appealed to the BRB, which affirmed in part, vacated in part, and remanded for further consideration. The BRB vacated the ALJ's finding rejecting the opinions of Drs. Sargent and Fino as to the existence of pneumoconiosis, affirmed the ALJ's finding that Smith had a totally disabling respiratory impairment, and vacated the finding that pneumoconiosis contributed to Smith's disability.

On remand, the ALJ reconsidered the reports of Dr. Fino and Dr. Sargent, but again rejected their opinions as to the existence of pneumoconiosis, disregarding Dr. Fino's opinion because he did not examine Smith. The ALJ, in finding that pneumoconiosis caused or contributed to Smith's disability, gave little weight to Dr. Sargent's and Dr. Fino's opinions on disability causation because neither doctor diagnosed pneumoconiosis. Clinchfield appealed again, and the BRB

---

of the Code of Federal Regulations, which sets forth the legal definition of pneumoconiosis, provides,

> *pneumoconiosis* means a chronic dust disease of the lung and its sequalae, including respiratory and pulmonary impairments, arising out of coal mine employment. This definition includes, but is not limited to, coal workers' pneumoconiosis . . . .

20 C.F.R. § 718.201 (2000) (emphasis in original). As we stated in *Hobbs*,

> Although all of the disorders explicitly mentioned in § 718.201 are medically similar, what is important is that a medical diagnosis finding no coal workers' pneumoconiosis is not equivalent to a legal finding of no pneumoconiosis. Clearly, the legal definition of pneumoconiosis contained in § 718.201 is significantly broader than the medical definition of coal workers' pneumoconiosis.

*Hobbs*, 45 F.3d at 821.

affirmed the award and concluded that the ALJ properly discounted Dr. Sargent's and Dr. Fino's opinions on the issues of pneumoconiosis and disability causation.

On appeal to this Court, Clinchfield argues that the BRB erred in affirming the ALJ's rejection of Dr. Fino's medical report on the issue of pneumoconiosis and that the BRB erred in affirming the ALJ's rejection of Dr. Fino's medical report on the issue of disability causation. We address each issue in turn.[3]

II.

Clinchfield first argues that the BRB erred in affirming the ALJ's rejection of Dr. Fino's opinion on the issue of pneumoconiosis solely because Dr. Fino did not examine Smith. "We review an order of the BRB by undertaking an independent review of the record to determine whether the ALJ's findings of fact were supported by substantial evidence." *Island Creek Coal Co. v. Compton*, 211 F.3d 203, 207 (4th Cir. 2000) (internal quotation marks and alteration omitted). "Substantial evidence is more than a mere scintilla; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 207-08 (internal quotation marks omitted). "In determining whether substantial evidence supports the ALJ's factual determinations, we must first address whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). "We review the legal conclusions of the BRB and the ALJ de novo." *Island Creek Coal*, 211 F.3d at 208.

To obtain federal black lung benefits, Smith was required to prove by a preponderance of the evidence that: "(1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; (3)

---

[3]Clinchfield also argues that the BRB erred in failing to require the ALJ to consider the equivocal nature of Dr. Paranthaman's diagnosis; failing to consider Dr. Paranthaman's reliance on an improper smoking history; and that the ALJ erred in relying on Dr. Robinette's medical report as a diagnosis of pneumoconiosis. We have carefully reviewed the record and find no reversible error as to these contentions.

he has a totally disabling respiratory or pulmonary condition; and (4) pneumoconiosis is a contributing cause to his total respiratory disability." *Id.* at 207 (internal quotation marks omitted); *see also* 20 C.F.R. § 718.201-.204 (2000). After remand, the ALJ found that

> Although Dr. Fino's opinion is reasoned, *he did not examine [Smith]* and the only opinion of record that supports his conclusions is that of Dr. Sargent. Again, I cannot accord his opinion more weight than two examining physician's opinions. Therefore, weighing all of the evidence, . . . I find that [Smith] has established the existence of pneumoconiosis by a preponderance of the evidence.

(J.A. at 231 (emphasis added)). Assuming that the ALJ was correct in disregarding Dr. Sargent's opinion,[4] there was nevertheless a conflict between Drs. Robinette and Paranthaman, on one side, and Dr. Fino, on the other, as to whether pneumoconiosis existed. In disregarding Dr. Fino's "reasoned" opinion, the ALJ relied solely on the fact that Dr. Fino "did not examine [Smith]." (J.A. at 231.) However, we have previously stated that "[a]n ALJ may not discredit a physician's opinion solely because the physician did not examine the claimant." *Island Creek Coal*, 211 F.3d at 212. The ALJ, therefore, improperly rejected Fino's opinion on the basis that he was not an examining physician, and the BRB erred in affirming. Accordingly, we remand with instructions that the ALJ consider such factors as "the qualifications of the respective physicians, the explanation of their medical opinions, the documentation underlying their medical judgments, and the sophistication and bases of their diagnoses." *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 441 (4th Cir. 1997).

### III.

Clinchfield next argues that the BRB erred in affirming the ALJ's decision to give little weight to Dr. Fino's medical report on disability causation because Dr. Fino did not diagnose pneumoconiosis. We agree.

---

[4]Clinchfield does not challenge the BRB's affirmance of the ALJ's rejection of Dr. Sargent's opinions.

After the BRB remanded the case and directed the ALJ to reconsider evidence of disability causation, the ALJ found that Smith had established the existence of pneumoconiosis and, therefore, that neither Dr. Fino's nor Dr. Sargent's opinions were entitled to much, if any, weight because neither physician diagnosed pneumoconiosis. The ALJ stated, "since neither Dr. Fino nor Dr. Sargent diagnosed pneumoconiosis, their opinions can be given little weight on the issue of whether the claimant's total disability was caused by pneumoconiosis." (J.A. at 231.)

In *Grigg v. Director*, 28 F.3d 416 (4th Cir. 1994), we held that an ALJ should give little weight to a physician's opinion finding disability unrelated to pneumoconiosis where the physician did not diagnose pneumoconiosis. *Id.* at 419-20; *see also Curry v. Beatrice Pocahontas Coal Co.*, 67 F.3d 517, 524 (4th Cir. 1995) (concluding that the disability causation opinions of physicians who did not diagnose pneumoconiosis were insufficient because they "flatly contradict the ALJ's finding of clinical pneumoconiosis based on the same type of evidence"). We later clarified, however, that "an ALJ may credit a physician's opinion on the issue of causation, even though the physician had not diagnosed pneumoconiosis, provided that the opinion is not premised on an erroneous finding contrary to the ALJ's conclusion." *Island Creek Coal*, 211 F.3d at 213 (internal quotation marks and alterations omitted); *see also Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1194-95 (4th Cir. 1995); *Hobbs v. Clinchfield Coal Co.*, 45 F.3d 819, 821 (4th Cir. 1995). In *Island Creek Coal*, addressing very similar facts, we concluded that the reasons offered by the ALJ — that Dr. Fino did not examine the claimant and that Dr. Fino did not diagnose pneumoconiosis — were insufficient to discredit Dr. Fino's opinion on disability causation. 211 F.3d at 214. We stated that "although Dr. Fino did not diagnose pneumoconiosis, he opined that even if [the claimant] had [CWP], he would still conclude that it was cigarette smoking, and not coal dust exposure, that caused [the claimant's] disability," and thus, "Dr. Fino's opinion on causation was not premised on an erroneous finding contrary to the ALJ's conclusion" that the claimant had pneumoconiosis. *Id.* (internal quotation marks and alterations omitted). Here, as in *Island Creek Coal*, Dr. Fino assumed for purposes of his opinion that Smith had pneumoconiosis and, therefore, his opinion on disability causation "was not premised on an erroneous finding contrary to the ALJ's conclusion" that Smith

had pneumoconiosis. *Id.* (internal quotation marks and alterations omitted).[5] For the same reasons as in *Island Creek*, we accordingly conclude that the ALJ erred in rejecting Dr. Fino's opinion without further explanation and solely on the basis that Dr. Fino did not diagnose Smith with pneumoconiosis.

## IV.

In conclusion, the BRB erred in affirming the ALJ's rejection of Dr. Fino's opinions as to the existence of pneumoconiosis and disability causation solely because Dr. Fino did not examine Smith and did not diagnose pneumoconiosis. We therefore vacate and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*

---

[5]Dr. Fino's report stated that "even if this man did have simple coal workers' pneumoconiosis, he does not have the type of pulmonary impairment that would be consistent with a coal mine dust-related pulmonary condition." (J.A. at 134-35.) In addition, although Dr. Fino did not diagnose pneumoconiosis, he did diagnose a "moderate respiratory impairment," albeit one that was attributed to cigarette smoking rather than coal mine dust inhalation. (*Id.* at 135.) Thus, this is not a case in which Dr. Fino erroneously assumed that Smith did not have respiratory disease solely because Dr. Fino did not diagnose pneumoconiosis. *See Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1193 (4th Cir. 1995) (stating that "a medical opinion that acknowledges the miner's respiratory or pulmonary impairment, but nevertheless concludes that an ailment other than pneumoconiosis caused the miner's total disability, is relevant because it directly rebuts the miner's evidence that pneumoconiosis contributed to his disability").